# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES L. WILLIAMS,         )
                                           )
                Plaintiff,        )
                                           )
vs.                                )     **CIVIL NO. 06-1056-MJR**
                                         )
PAT KELLY,                  )
                                         )
                Defendants.     )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim and because it is legally frivolous.

## FACTUAL ALLEGATIONS

In his complaint and amended complaint, Plaintiff states that he has been suffering from a urinary tract infection for over three years.  He states that unnamed doctors at Chester Mental Health Center know of this problem, but refuse to treat it.  He does state that he received a test for infection on December 21, 2006, but the test was negative.  Plaintiff states that he continues, however, to feel pain and urinate blood.  Plaintiff also states that as a result of his urinary tract infection, "some kind of electricity penetrate my body people communicate with different sounds people are counter acting the word of God."

## LEGAL STANDARDS

Plaintiff states essentially two claims.  First, he has not received treatment for a recurrent infection for over three years.  Second, the ongoing infection allows people to communicate electronically through his body.

Plaintiff may have stated a potential Eighth Amendment deliberate indifference claim that his infection has not been treated.  There is a problem, however, in that Plaintiff does not name any defendants personally responsible for denying him this medical treatment.  The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the

name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort,*143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Accordingly, Plaintiff has failed to state a claim of deliberate indifference in violation of the Eighth Amendment against any defendant.

As for Plaintiff's second claim, in *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Court noted that when a district court considers an *in forma pauperis* motion, it has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28.  Plaintiff's allegations that an ongoing, untreated urinary tract infection allows people communicate by sending electricity through his body is just such a "fantastic or delusional scenario." As such, it must be dismissed.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED this 10th day of July, 2007.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**