IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. WILLIAMS,              ) | |
| )                                | |
| Plaintiff,                 ) | |
| )                                | |
| vs.                          ) | CIVIL NO. 06-1056-MJR |
| )                                | |
| PAT KELLY, *et al.*,       ) | |
| )                                | |
| Defendants.               ) | |

MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Currently pending before the Court are Plaintiff's motions for appointment of counsel (Doc. 13), and two motions for reconsideration of the Court's order dismissing his case (Docs. 14 and 15).

APPOINTMENT OF COUNSEL

This action was dismissed, pursuant to 28 U.S.C. § 1915A, without prejudice on July 10, 2007. There is no need for appointment of counsel in a closed case. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 13) is **DENIED**. If the case is later reopened after a properly-filed amended complaint has been submitted, Plaintiff may request appointment of counsel at that time.

FIRST MOTION FOR RECONSIDERATION

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.

1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on July 10, 2007, and the instant motion was filed on July 18, within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A was correct. Therefore, the first motion for reconsideration (Doc. 14) is **DENIED**.

### SECOND MOTION FOR RECONSIDERATION

Plaintiff's second motion for reconsideration was not filed in time to be considered under Rule 59(e), because it was not filed until August 2, 2007, after the 10-day period noted in the Rule had expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered

by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff makes the same arguments he made in the complaint, yet he still does not associate any defendants with the alleged constitutional deprivations, which he must do to state a constitutional claim. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the second motion for reconsideration (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 17th day of August, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**